Chief Justice Boyle
delivered the Opinion of the Court.
Todd and Shreve entered into a contract for the exchange of their lands, and executed mutual deeds »f conveyance therefor, each covenanting, among other things, that he was seized of the land conveyed by him, that he had good right to sell, and that it was free from incumbrance, &c.
Shortly afterwards, Todd discovered that, previous to the exchange, Shreve had executed to Over-street a mortgage upon the land conveyed by, Shreve to Todd, to secure $8000, and, in consequence thereof, he obtained front Shreve a mortgage upon *53 tbe land be bad conveyed to Shreve to indemnify him against the. previous mortgage to Overstreet. The mortgage from Shreve to Todd bears date the fust of June; 1319, was acknowledged by ShreVe on the first of September following, and .on the 2nd of that month by his wife, who relinquished her dower, and it was thereupon admitted to record in the proper office. On the 10th June, 1819, Shreve executed a deed of trust upon the same, to secure Robert Brcckenridge for certain responsibilities lie had incurred for him; and on the 27th of July, 1819, Shreve executed a deed of trust upon the. same land, to secure James Breckenridge against responsibilities he had incurred for Shreve. Both these-deeds were acknowledged by Shreve, on the 19ih of August, 1819, in the proper office, and were acknowledged by the trustees on the 18th of March, 1820, and admitted to record,
Breckenridge’s biF, decree and purchase,
Overstreet’s bill.
Todd’s billl-
Brocken. ridges’ answer.
Shreve’s deposition taken & read without objection-
On a bill afterwards filed by the Brerkeriridges, and without making Todd a party, the land was decreed to be sold under their deeds of trust, and on the sale they became the purchasers'.
Overstreet also filed his bill to subject the land conveyed by Shreve to Todd to be sold in satisfaction of the money for which it had been mortgaged to him.
In this situation of things, Todd exhibited his hill, in which, after setting forth the foregoing state of tacts, he alleges that Overstreet, from whom Shreve derives his right to the land he had conveyed to him, had no title, and that Shreve was insolvent. He makes Shreve, the JBrerkenridges, &c. defendants, prays for a rescisión of the contract between him and Shreve, and for general relief.
The Breckenridges answered, and alleged that the Mortgage from Shreve to Todd was antedated, and insist upon their right to be prefered to him.
The bill was taken for confessed against the other defendants.
In the progress of the cause, Todd had leave to take the deposition of Shreve, and the deposition was afterwards taken and read upon the hearing qf the cause without objection,
Assignment of error..
Deeds of convovanoe acknowledged and lodged to lie recorded, though not then copied on (lie record hook,have the effect of enrolled deeds from the date of their acknowledgment.
Deed recorded on the acknowledg ment of grantor, is presumed to have been deliver ed on the (key it bears date; an allegation (hat it was aniedu'ed, mn-‘ be proved.
The circuit court decreed a rescisión of the con* tract, and the Brerkenridges have brought the case to this court by writ of error.
'By their assignment of errors, they allege the decree, is erroneous.
“ 1st. Because the deed of trust to the Brecken- “ ridges, although subsequent in date to Todd’s “ mortgage, having been first recorded, were en- “ tilled to a preference over the mortgage.
“2d. There is no evidence in the record which “ shews Todd was entitled under his mortgage— “ and
“ 3d. The deposition of Shrove was improperly “admitted into the record.”
The. position asserted in the first error assigned is one so obviously untenable, that we should have hardly thought it necessary to he. noticed, had it not been insisted on with apparent earnestness by respectable counsel.
The deeds of trust from Shreve, to the Brer ken-ridges were not in fact recorded prior to the mortgage to Todd, hut they were, acknowledg'd by Shreve, and being lodged in the office to be recorded before the mortgage to Todd, must, according to the case of the Bank of Kentucky vs. IJaggin, 1 Marshall, 306, have the same effect as if they liad in fact been at that time recorded.
But. the mortgage to Todd bears date prior to either of the deeds of trust to the Brerkenridges, and was acknowledged by Shreve, and recorded in the proper office, in less than eight months from its date, the period within which the law then required it to be recorded, to be valid against purchasers and creditors. The. mortgage, without being recorded, would hate been valid against Shreve the grantor, and as the law only required it to be recorded within eight months from its sealing ami deli'cry, to he valid against purchasers and creditors, it evidently must he good against the Brerkrnridges, unless, as they allege in their answer, it was antedated. But of this allegation there is not the .slightest proof in the cause, and in the absence of all proof to the contrary, a deed, though it takes effect, not from its date but from its delivery, h *55 always presumed to have been delivered on the day it bears date. Thus in Shep. Touchstone, 72, it is said, ‘‘ all deeds do take effect from, and there. i( fore have relation to, the time, not of their date, “ but of their delivery, and this is always presumed f* to be the time of their date unless the contrary do (i appear.” • And the same doctrine is recognized by this court in the case of McConnell vs. Brown &c. Litteii’s select cases, 459, and is sanctioned by the English decisions under their statute of enrolments.
A prior deed, subsequently, but in time enrolled, is superior to tbe younger deed first enrolled, under both our mui the British statute.
Deed ofir.oitgage is it«cU‘ evidence of tbe consideration expressed in it against tbe mortgagor, all claiming under him by subsequent conveyance.'
The statute of enrolments in England required a deed of bargain and sale to be enroled within six months, and if it were not enroled in that lime, it became void; but where it was enroled within the six months, it had relation to the time of its date, and passed the land ab initio, and therefore it was decided under that statute, that if the bargainer, after having sold to one, bargain and sell the land to another, and the second deed is first enroled, and then the first deed is enroled within six months, the second shall bo void. Com. Dig. 'i it. Bargain and Sale, 9.) It is plain therefore, that although the deeds of trust to the Breckenridges were recorded before the mortgage to Todd, yet as the latter was first executed, and was recorded in the time then proscribed by law, it must be prefered; and of course the position asserted in the first error assigned, is wholly untenable.
The second error assigned, advances a position no less untenable.
The, mortgage is of itself sufficient evidence of Todd’s right under it. It conveys the legal title to him from Shreve, and as it is undoubtedly evidence against Shreve of Todd’s right under it, it must be equally so. and to the same extent, evidence of his right against the Bret kenridges, who derived their claim by conveyances from Shreve subsequent to the mortgage.
The. mortgage would not indeed give a right to Todd to have a rescisión of the contract of exchange between him and Shreve. The proper decree to enforce the mortgage would have been a, *56 foreclosure of the right of redemption, and a sale of the premises mortgaged.
Where one party in an exchange, alleges in his bill for a resci' sion that the other bad no title,(he proof of title is on defendant, & be must show his papers, & unless the title appears, the rescisión will be decreed.
In such case, a third person holding a mortgage on the estate conveyed by complainant, could resist the rescisión if his mortgage tvere older than complainant’s,— otherwise not.
Here an assignment of error questioning the decision as to the priority of the mortgages, & their consideration does riot reach a decree. rescinding the con-. tract.
When a deposition is unimportant, below"will? out objection, its having been read is not error.
*56 But in this respect the propriety of the decree is not questioned by the assignment of error, and if it had been, we should have thought the decree of rescisión might be sustained, not alone upon the ground of Todd’s right derived under the mortgage, but upon that coupled with the fact that Shreve has shewn no title to the land conveyed in exchange by him to Todd. That Overstreet, from whom Shreve purchased, bad no title, is alleged in the bill, and as no title is shewn, the allegation must be taken to be true,* for it is a negative, and from the rules of evidence, the onus probandi must necessarily devolve upon those whose interest it was to maintain, the affirmative.
Assuming the fact to be that Shreve had no title to the /and conveyed by him in exchange to Todd, it would have been, from the nature of the contract, a sufficient ground for a rescisión of the contract as against Shreve, as against the Breckenridges it might not be so without the aid of the mortgage, for without the mortgage, the Breckenridges would by their deeds of trust have acquired the legal title to the land which Todd had conveyed to Shreve, and as Todd would only have had in that case an equity, which, though coeval with the contract of exchange, and therefore prior to the equity of the Breckenridges derived under their deeds of trust, could not have prevailed against their equity combined with their legal title. But the mortgage from Shreve to Todd, vested in him the legal title, and his equity being prior to that of tlie Breckenridges, lie had a right as against them, to the relief decreed by the circuit court.
These observations, however, as to the mode of relief granted by, that court, are superfluous, for we do not understand the assignment of error to question the mode of relief, hut only the right of Todd under the mortgage, and of that there can be no doubt,
The third error assigned is at least as untenable as either of the former. In the first place it is apparent from what we have already said, that the *57 deposition of Shrove is not material to the right of Todd, the decree being sustainable upon grounds not depending upon his testimony. In the next place, it is well settled, that as no objection was to reading this deposition in the court below, the propriety of reading it cannot be questioned in this Court.
Barry and Littell fur plaintiffs in error; Benny for defendant.
The decree must be affirmed with costs,